UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KAM YAN CHAN,

                                  Plaintiff,

        v.                                            08-CV-134

STARPLEX CORPORATION and
JAMES M BREDIN, Individually,

                                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

Plaintiff commenced the instant action against Defendants pursuant to 42 U.S.C. §§ 1981 and 1983 claiming that they commenced eviction proceedings against him on account of his being Chinese. Plaintiff also claims that Defendants tortiously interfered with a contract and that they are in breach of a lease agreement. Presently before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12.

**I.    FACTS**

Plaintiff leased certain commercial property from Defendant Starplex Corporation in October 2007. Beginning in October 2007, "Defendant . . . engaged in constant complaints to Plaintiff about the manner of Plaintiff's operating his business. . . ." Compl. at ¶ 16A. Defendant contended that Plaintiff violated various terms of the lease agreement. In December 2007, "Defendant served Plaintiff with a three day claiming Plaintiff was now a hold over tenant. . . ." Id. at ¶ 16B. In January 2008, Defendants entered Plaintiff's leased

premises and removed certain property therefrom.  Thereafter, alleging various violations of the terms of the lease agreement, Defendants served Plaintiff was a notice of petition and petition seeking to evict Plaintiff from the leased premises.  The Complaint further alleges that "Defendants ridiculed Plaintiff by reason of his being Chinese and by reason of Plaintiff from time to time not speaking clear English."  Id. at ¶ 20.

Plaintiff commenced the instant action claiming that Defendants actions violated his rights under 42 U.S.C. § 1981 and violated his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.  Plaintiff also asserts state law claims for the tortious interference with contractual relations and breach of contract.  Presently before the Court is Defendants' motion to dismiss the federal claims.

## II.     STANDARD OF REVIEW

A motion brought under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims pleaded in a case.  On a motion to dismiss, all factual allegations in the complaint are accepted as true, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), and the Court must determine whether Plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).  As such, the Court must determine whether the "[f]actual allegations . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id., at 1965; see Barkley v. Olympia Mortgage Co., 2007 WL 2437810, at * 9 (E.D.N.Y. Aug. 22, 2007).

**III.     DISCUSSION**

    **a.     42 U.S.C. § 1983**

Defendants move to dismiss the claims brought under 42 U.S.C. § 1983 on the ground that they are not a state actor and did not otherwise act under color of state law. Plaintiff responds that the color of state law element is satisfied because Defendants invoked state law (eviction proceedings).

Plaintiff's contention is without merit. First, Plaintiff does not identify any deprivation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State. See Dahlberg v. Becker, 748 F.2d 85, 89 (2d Cir. 1984). While an eviction proceeding may be pending, there is no indication that Plaintiff has been dispossessed of his property. Second, assuming there is a deprivation, the deprivation is not fairly attributable to the state or a state actor. See Dahlberg, 748 F.2d at 90. Plaintiff does not challenge the constitutionality of New York's procedure for notice and adjudication of an eviction proceeding. Id. Defendant's mere use of the state courts does not transform their otherwise private conduct into action take under color of state law and does not implicate state action. Id; see also Cramer v. Englert, 93 Fed. Appx. 263 (2d Cir. 2004); see also Lugar v. Edmondson Oil Co., 457 U.S. 922, 940-41, 102 S. Ct. 2744 (1982) ("That respondents invoked the statute without the grounds to do so could in no way be attributed to a state rule or a state decision. . . . [P]rivate misuse of a state statute does not describe conduct that can be attributed to the State. . . ."); Khulumani v. Barclay Nat. Bank Ltd., 504 F.3d 254, 316 (2d Cir. 2007) ("[I]f the private actor . . . merely resorted to the courts and prevailed in the lawsuit, he would not have been acting under color of law."). Moreover, because Defendants' actions were not encouraged by any rule of New York, the conduct is

not attributable to state action.  Dahlberg, 748 F.2d at 91.  "[T]he mere invocation by defendants of New York's legal procedures does not constitute joint participation so as to satisfy the statutory requirement under § 1983 that there be a state actor."  Dahlberg, 748 F.2d at 93; see also Johnson v. Chemical Bank, 1996 WL 706893 (S.D.N.Y. 1996).

There being a lack of any plausible allegations of a deprivation of constitutional right or linking Defendants with action taken under color of state law, the claims pursuant to 42 U.S.C. § 1983 must be dismissed.

### b.     42 U.S.C. § 1981

Defendants move to dismiss the claim pursuant to 42 U.S.C. § 1981 on the ground that there are no factual allegations that Defendants acted on account of Plaintiff's race and that Plaintiff's allegations in this regard are conclusory.

"To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)."  Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1087 (2d Cir. 1993).  Here, Plaintiff satisfies the first and third elements by alleging that he is Chinese (satisfying the first element) and that he was discriminated in connection with his efforts to perform under and enjoy the benefits of the lease agreement (satisfying the third element).  Although allegations concerning the second element are scant and this claim appears to be weak and unlikely to succeed, Plaintiff does allege that "Defendants ridiculed Plaintiff by reason of his being Chinese and by reason of Plaintiff from time to time not speaking clear English."  Compl. at ¶ 20(i).   This is a factual allegation suggesting a race-

based motive that is sufficient at the Rule 12 stage to state a claim upon which relief can be granted. Whether there are enough facts to succeed on a claim under § 1981 can be tested on a motion for summary judgment or at trial.

Accordingly, the motion to dismiss the § 1981 claim is DENIED. Because the motion to dismiss the § 1981 claim is being denied, Defendants' motion to dismiss the state law claims on the ground that the Court should decline to exercise supplemental jurisdiction is DENIED.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED IN PART and DENIED IN PART. Plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED. In all other respect, Defendants' motion is DENIED.

IT IS SO ORDERED.

Dated:   August 18, 2008

_____
Thomas J. McAvoy
Senior, U.S. District Judge